[No. 4976.]

THE PEOPLE EX REL. STIDGER, DISTRICT ATTORNEY, ET AL. v. ALEXANDER.

City and County of Denver—Charter—Elections—Assessor.

For the reasons stated in the opinion in The People ex rel. v. Johnson, ante, p. 143, it is held that the charter convention of the city and county of Denver had no authority to change the time of election, term of office and time when the term of office should commence of the county assessor of the city and county of Denver.

*Error to the District Court of the City and County of Denver:*
*Hon. John I. Mullins, Judge.*

Mr. GEORGE STIDGER, Mr. H. J. HERSEY and Messrs. ELLIOTT & BARDWELL, for plaintiffs in error.

Messrs. STIMSON & SMITH, for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court.

So far as necessary to state, this record presents the following case made by the averments of the amended complaint and admitted by defendant's general demurrer.

On the 8th day of November, 1904, a general election was held under the laws of the city and county of Denver for the election of state officers, members of the general assembly and county officers; said date plaintiff and defendant were candidates for election to the office of assessor of the city and county of Denver, voted for by the electors of said county and said vote was duly canvassed by the board of temporary election commissioners, which board by the charter of the city and county of Denver was constituted to canvass such vote, declare the result thereof and issue certificates of election to candidates receiving the highest number of legal votes. The canvassing board found that plaintiff (plaintiff in error here) had received the highest number of legal votes cast at such election for assessor and accordingly declared him elected and issued its certificate of election to plaintiff for that office; plaintiff was at all times. qualified to fill the office to which he had been elected. On the 10th day of January, 1905, such day being the date of the commencement of the term of office to which plaintiff had been elected, he attempted to

qualify by giving an official bond and taking the official oath of office according to law, which qualifications were sought to be had and done before the mayor and city council of the city and county of Denver, which offers to qualify were rejected and refused consideration by such officials. The same day plaintiff qualified before the board of county commissioners and on the same day demanded from defendant possession of the office of assessor for the city and county of Denver and possession of the books, documents and all property relating to the said office, which demand defendant unlawfully refused to comply with and since said time has persisted in such refusal and unlawfully and without right or title to said office on the 10th day of January, 1905, intruded himself therein and since said day has exercised the functions of said office without legal right thereto and without warrant of law.

The district court sustained a general demurrer to the amended complaint, whereupon plaintiff electing to abide by his amended complaint, judgment of dismissal was entered against plaintiff, to reverse which is this appeal.

This case was argued and submitted at the same time as the case of *The People ex rel. etc. v. Johnson,* No. 4850.

The question presented here is whether the charter convention of the city and county of Denver provided for by article XX, Colorado constitution, had power to change the time of election, term of office and time when the term of office shall commence of county assessor of the city and county of Denver.

In the Johnson case, *supra,* we held that such charter convention had no such power with reference to the office of county judge and we now hold, for the reasons stated in the Johnson case, that no such

power is vested in the charter convention with reference to the office of county assessor.

The judgment rendered by the court below will be reversed, set aside and held for naught, and judgment rendered and entered in this court in favor of plaintiff in error, Christopher C. Gird, and against defendant in error, Schuyler H. Alexander, as prayed in the amended complaint, and that plaintiff in error have judgment for costs.

*Judgment accordingly.*

Decision *en banc.*

Mr. Justice Steele and Mr. Justice Gunter dissent.